IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE DAVIS, | : | |
| **Petitioner** | : | **No. 1:21-cv-00891** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| RACHEL WHITE, | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241 in which Petitioner Andre Davis ("Davis") challenges the Bureau of Prisons ("BOP")'s home confinement and transfer decisions under the CARES Act.  Respondent has filed a suggestion of mootness based on Davis's release from federal custody.  For the reasons that follow, the Court will dismiss the petition as moot.

I.      BACKGROUND

On May 17, 2021, Davis initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking to challenge the BOP's decisions not to release him on home confinement or transfer him to another prison under the federal CARES Act.  (Doc. No. 1.)  Respondent responded to the petition on June 29, 2021.  (Doc. No. 9.)

On September 9, 2021, Respondent filed a suggestion of mootness, noting that Davis was released from federal custody on July 9, 2021 and asserting that his petition is therefore moot. (Doc. No. 10.)  The Court issued an order on September 20, 2021, requiring Davis to respond to the suggestion of mootness on or before October 20, 2021.  (Doc. No. 11.)  Davis has not responded, and mail to him as been returned as undeliverable.

II.     DISCUSSION

Article III of the Constitution limits federal judicial power to actual cases or controversies.  A case is moot when it no longer presents a live case or controversy.  See, e.g.,

Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020).  A petition for writ of habeas corpus "generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing Defoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)).  For a petitioner to obtain judicial review of a conviction or sentence after the petitioner has been released from custody, the petitioner must show that he "continues to suffer from secondary or collateral consequences of his conviction."  See id. (citing Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001)).

Collateral consequences are presumed when "the defendant is attacking his conviction while still serving the sentence imposed for that conviction" or when "the defendant is attacking that portion of his sentence that is still being served."  See Burkey v. Mayberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).  "Where, however, the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."  Id. (citing United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998)).

In this case, Davis's petition challenges the BOP's decisions not to release him on home confinement or transfer him to another prison under the federal CARES Act.  (Doc. No. 1.) Thus, Davis is attacking a sentence that has already been served, and in such a situation, "collateral consequences will not be presumed, but must be proven."  See Burkey, 556 F.3d at 148.  Davis has not stated any collateral consequences that he continues to suffer as a result of his sentence, and the Court gave him a specific opportunity to do so.[1]  Accordingly, Davis has failed to prove collateral consequences of his sentence, and his petition is moot.

---

[1] It appears that Davis did not receive a copy of the Court's order given that the order was returned to the Court.  This does not change the Court's analysis.  Pro se litigants have a continuing obligation to inform the Court of their mailing address.

**III.     CONCLUSION**

For the foregoing reasons, the Court will dismiss this case as moot.  An appropriate Order

follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
